IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA KULJANIN, On behalf of herself and a class of all those similarly situated, | ) ) ) ) | |
| *Plaintiff,* | ) ) | Case No. |
| *v.* | ) ) | Judge |
| TRANSPORTATION ONE LLC | ) ) ) | JURY TRIAL DEMANDED |
| *Defendant.* | ) | |

## CLASS ACTION COMPLAINT

The plaintiff, Tina Kuljanin, by her counsel, on her own behalf and on behalf of a class of all those similarly situated, brings the following Complaint against defendant Transportation One LLC (hereinafter "Transportation One," "Defendant," or "the Company") pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS §§105, *et seq.* ("IMWL").

## INTRODUCTION

1. Tina Kuljanin is a former employee of Transportation One, where she worked as a Carrier Sales Representative for over two years. Transportation One is a third-party transportation logistics company – its core business function is to secure a third-party carrier (for instance, a trucking company) to ship a load of freight for one of its clients, for an agreed upon price. Transportation One employs scores of sales employees like Ms. Kuljanin, whose primary job duty is to carry out this function by repeatedly booking loads of freight with carriers and customers, throughout each day. Transportation One uniformly classifies these employees as "exempt" and pays them all the same way – a base salary plus commissions, with no additional

pay for overtime. It requires them to work at least ten-and-a-half-hour shifts, five days per week, and thus they regularly work overtime. The employees' primary job duty, booking loads of freight with customers and carriers, amounts to direct, individual sales and is "nonexempt" work. Ms. Kuljanin brings this action to recover unpaid overtime wages, for herself and the class of similarly situated employees, and for other available relief.

## THE PARTIES

2. Defendant Transportation One LLC ("Transportation One") is an Illinois Corporation with its principal place of business in Illinois. Transportation One does business throughout the state of Illinois, including in this Judicial District. Transportation One is a provider of transportation and logistics services.

3. The plaintiff, Tina Kuljanin, is a former employee of Transportation One who worked as a Carrier Sales Representative. She was at all relevant times a resident of Illinois.

4. Each member of the putative class worked as a Carrier Sales Representative, Business Development Representative, Account Manager, or a similar position for Transportation One within three years of the filing of this Complaint.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367(a).

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) because the plaintiff resides in this District, the defendant does business in this District and employed the plaintiff in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. The Northern District of Illinois has personal jurisdiction over Transportation One because it resides in or maintains business offices in this District and does business in the state of Illinois.

**FACTS**

9. Transportation One is a transportation logistics company that employs more than a hundred sales employees working as Carrier Sales Representatives, Business Development Representatives, Account Managers (and those with similar titles and duties) in Chicago, Illinois. Upon information and belief, Transportation One also has or has had sales employees working in other locations in the United States, including but not limited to Salt Lake City, Utah; Detroit, Michigan; and Colombia, South Carolina.

10. Transportation One hired Ms. Kuljanin in or about November 2020, as a Carrier Sales Representative. Ms. Kuljanin worked for Transportation One until about January 16, 2023.

11. Transportation One is an "employer" as the term is defined by the FLSA and IMWL, and Ms. Kuljanin and other sales employees in the class defined below are and/or have been "employees," at all relevant times.

12. As a third-party transportation logistics company, Transportation One's core business function (i.e., its revenue generator) is to secure a third-party carrier (for instance, a trucking company) to ship a load of freight for one of its clients, for an agreed upon price.

13. Transportation One employs scores of sales employees like Ms. Kuljanin, whose primary job duty is to carry out this function. These employees each repeatedly book loads of freight with carriers and customers, throughout each day, thereby generating sales (and revenue) for the Company.

14. In order to book a load of freight, a carrier must agree to ship the load and the customer must agree for the carrier to ship it, for a set price.

15. Carrier Sales Representatives (and those with similar titles and duties) sold and booked loads of freight from Transportation One's customers with third party carriers.

16. Business Development Representatives, Account Managers (and those with similar titles and duties), sold and booked the loads of freight with the Company's customers.

17. Ms. Kuljanin and the putative class members were all paid a base salary plus commission on loads that they booked. The Company uniformly classified them as "nonexempt," and they were not paid any additional wages for overtime.

18. Carrier Sales Representatives, Business Development Representatives, Account Managers, and those with similar job duties and titles were primarily engaged in direct individual sales, i.e., taking customer orders, providing quotes, negotiating rates with customers and carriers that were within a range predetermined by the Company, booking loads of freight with trucking companies and customers, entering orders into Transportation One's database and tracking system, using said system to schedule pickup and delivery, and monitoring shipments. These job duties are nonexempt. The employees' primary, i.e., most important, duty is and at all relevant times has been sales work.

19. Ms. Kuljanin and the putative class members did not exercise independent discretion and judgment in performing their job duties as to matters of significance. They did not work in supervisory roles.

20. Transportation One uniformly misclassified Ms. Kuljanin and the putative class members as exempt from overtime under the FLSA and IMWL. It knew or should have known that they did not perform work that qualified them as exempt. Ms. Kuljanin and the putative class members were not exempt from the FLSA or IMWL because they did not meet the standards for exemption under federal or state law.

21. Ms. Kuljanin and the putative class members regularly worked more than 40 hours per week. The Company required them to work five shifts per week and additional weekend shifts. Shifts were normally ten-and-a-half hours long. The employees were closely supervised by Transportation One's management.

22. Transportation One did not pay Ms. Kuljanin and the putative class members overtime or any other additional compensation for the hours they worked in excess of 40 per week.

23. For example, in the pay periods ending October 23, 2022 and November 8, 2022, Transportation One paid Ms. Kuljanin base pay of $2,083.33 for two weeks of work and, in addition for the period ending November 8, 2022, commissions of $2,829.80. No additional amounts for overtime were paid even though Ms. Kuljanin worked more than 40 hours per week in those respective work weeks. Members of the class were paid in the same way as Ms. Kuljanin, a base salary plus commissions.

24. Transportation One failed to keep records of the hours worked each week by Ms. Kuljanin and the putative class members in violation of the FLSA and the IMWL.

25. However, electronic records exist in the possession of Transportation One that are sufficient to assist Ms. Kuljanin and the putative class members in determining the hours they worked.

## COUNT I

**Violation of the Fair Labor Standards Act**
**Brought on Behalf of Ms. Kuljanin and a 29 U.S.C. § 216(b) Collective.**

26. Ms. Kuljanin realleges each of the paragraphs set forth above.

27. The Fair Labor Standards Act, 29 U.S.C. § 207(a)(l), provides that an employee must be paid overtime, equal to one and one-half (1 1/2) times the employee's regular rate of pay, for all hours worked in excess of 40 per week. The FLSA requires that the regular rate of pay

include all remuneration for employment paid to or on behalf of the employee, including non-discretionary bonuses and commissions.

28. As alleged above, Ms. Kuljanin and the putative class members regularly worked more than forty hours per week but were not paid overtime.

29. Ms. Kuljanin brings Count I of this action pursuant to 29 U.S.C. § 216(b)'s collective action provisions on behalf of a collective of opt-in collective class members defined as follows:

> All persons who have been employed at Transportation One as Carrier Sales Representatives, Business Development Representatives, Account Managers, and/or other similar positions at any time from three years before the filing of this action through and including the present and until final resolution of the case, and who were classified as exempt from the FLSA.

30. The putative class members number in the hundreds. As such, a collective action is the most efficient mechanism for resolving the claims of the class members.

31. With respect to unpaid overtime, the members of the FLSA opt-in collective class are similarly situated because they perform similar job functions and regularly were not paid overtime due to the above-described policies.

32. Ms. Kuljanin and the members of the putative class are/were "employees" for the purposes of 29 U.S.C. § 203(e).

33. Transportation One is/was an "employer" of Ms. Kuljanin and the members of the putative class for the purposes of 29 U.S.C. § 203(d).

34. Ms. Kuljanin and the putative class members are/were not exempt from the FLSA's overtime provisions for any reason.

35. Transportation One is/was aware of the duties performed by Ms. Kuljanin and the putative class members, that they were not exempt from the FLSA's overtime provisions, and

that it had an obligation to pay them overtime at a rate of time and one-half for hours worked over 40.

36. Ms. Kuljanin and the putative class members are/were regularly uncompensated for the overtime hours they worked because of Transportation One's policies. As such, Transportation One violated the FLSA in its failure to pay Ms. Kuljanin and the putative members of the FLSA opt-in collective class the required compensation for hours worked.

37. Further, by failing to record, report and/or preserve records of the actual hours worked by Ms. Kuljanin and the members of the putative class, Transportation One has failed to make, keep, and preserve records sufficient to determine these employees' wages, hours, and other conditions of employment, in violation of the FLSA.

38. Transportation One's violation of the FLSA is willful, repeated, and intentional.

39. Ms. Kuljanin and the putative class members are/were harmed by Transportation One's actions.

40. By the filing of this Collective and Class Action Complaint, Ms. Kuljanin hereby gives her consent to sue under the FLSA, 29 U.S.C. § 216(b). It is anticipated that upon notice, or otherwise, additional similarly situated individuals will sign Consent to Sue forms and join as plaintiffs in the future.

41. The class should be conditionally certified, and notice should be promptly provided to the FLSA opt-in collective class as provided by the above section.

42. The names, addresses, and email addresses of the FLSA opt-in collective class members should be made available from Transportation One's employment records and notice should be given as soon as feasible.

## PRAYER FOR RELIEF AS TO COUNT I

WHEREFORE, the plaintiff, Tina Kuljanin, on behalf of herself and the FLSA opt-in collective class, prays that the Court provide the following relief as to Count I:

A. Designate and certify this action as a collective action on behalf of the FLSA opt-in collective class and issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in collective class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B. Designate the plaintiff, Tina Kuljanin, as the representative of the FLSA opt-in collective class, and the undersigned counsel as class counsel;

C. Enter a declaratory judgment that the practices that form the basis for this count of the complaint are unlawful under the FLSA;

D. Award compensatory and statutory damages, including liquidated damages;

E. Award costs of the action incurred, including expert fees;

F. Award attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G. Award pre- and post-judgment interest; and

H. Award all other relief, whether equitable or legal, as this Court deems necessary, just, and proper.

## COUNT II
### Violation of the Illinois Minimum Wage Law
### Brought on Behalf of Ms. Kuljanin and a Putative F.R.C.P. 23 Class

43. Ms. Kuljanin realleges each of the paragraphs set forth above.

44. Ms. Kuljanin brings Count II of this action pursuant to Federal Rule of Civil Procedure 23 on behalf of herself and a class consisting of:

> All persons who have been employed in the state of Illinois as Transportation One Carrier Sales Representatives, Business Development Representatives, Account Managers, and/or other similar positions, at any time from three years before the filing of this action through and including the present and until final resolution of the case, and who were classified as exempt from the IMWL.

45. The IMWL provides that "no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed." 820 ILCS 105/4a (1).

46. The IMWL, like the FLSA, requires that commissions must be included in computing the employee's overtime and regular rates of pay. 56 Ill. Admin. Code 210.430.

47. The IMWL further provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this Act, the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid" and, in addition, treble damages. 820 ILCS 105/12(a).

48. Ms. Kuljanin and the putative class members are/were "employees" for the purposes of 820 ILCS 105/3(d).

49. Transportation One is/was an "employer" for the purposes of 820 ILCS 105/3(c).

50. Ms. Kuljanin and the putative class members are not exempt from the IMWL for any reason.

51. Ms. Kuljanin and the putative class members are/were regularly uncompensated for hours that they worked because of Transportation One's policies.

9

52. Transportation One is/was aware of the duties performed by Ms. Kuljanin and the putative class members, that they were not exempt from the IMWL's overtime provisions, and that it had an obligation to pay them overtime for hours worked over 40.

53. As such, Transportation One violated the IMWL in its failure to pay Ms. Kuljanin and the members of the Rule 23 class the required compensation for hours worked.

54. Transportation One's violation of the IMWL is/was willful, repeated, and intentional.

55. Ms. Kuljanin and the putative class members are/were harmed by Transportation One's actions.

56. The Rule 23 class is so numerous that joinder of all members is impracticable. On information and belief, the class numbers in the hundreds.

57. There are questions of law or fact common to the class, including, but not limited to, whether Transportation One failed and continues to fail to pay overtime for hours worked in excess of 40 per week.

58. Ms. Kuljanin claims or defenses are typical of the claims or defenses of the Rule 23 class. She, like the other Rule 23 class members, was subject to Transportation One's policy of failing to pay overtime for hours worked in excess of 40 per week.

59. Ms. Kuljanin will fairly and adequately protect the interests of the Rule 23 class. She has retained counsel competent and experienced in complex class actions and the types of claims alleged herein.

60. Class certification is appropriate under F.R.C.P. 23(b)(1) because prosecuting separate actions by or against individual class members would create a risk of (A) inconsistent or varying adjudications with respect to individual class members that would establish incompatible

standards of conduct for the defendant; or (B) adjudications with respect to individual class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications or would substantially impair or impede their ability to protect their interests.

  61. Class certification is also appropriate under F.R.C.P. 23(b)(2) because the defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole.

  62. Class certification is appropriate under F.R.C.P. 23(b)(3) because the questions of law or fact common to class members predominate over any questions affecting only the plaintiff, and because a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

## **PRAYER FOR RELIEF AS TO COUNT II**

WHEREFORE, the plaintiff, Tina Kuljanin, on behalf of herself and the Rule 23 class, prays that the Court provide the following relief as to Count II:

A. Designate and certify this action as a class action pursuant to Fed. R. Civ. P. 23 under the appropriate section(s) on behalf of the Rule 23 class.

B. Designate the plaintiff, Tina Kuljanin, as the representative of the Rule 23 class and the undersigned counsel as class counsel;

C. Enter a declaratory judgment that the practices that form this complaint are unlawful under the IMWL;

D. Award all underpayments due to the Rule 23 class;

E. Award damages in the amount of 5% of the amount of such underpayments for each month that they were not paid and award treble damages;

F. Award costs of the action incurred, including expert fees;

G. Award attorneys' fees;

H. Award pre- and post-judgment interest; and

I. Award all other relief, whether equitable or legal, as this Court deems necessary, just and proper.

## JURY DEMAND

The plaintiff demands a trial by jury.

    Respectfully submitted,

    /s/ Patrick Cowlin
    One of Plaintiff's Attorneys

M. Nieves Bolaños
Patrick Cowlin
Martin S. Stainthorp
Fish Potter Bolaños, P.C.
111 E. Wacker Drive, Suite 2300
Chicago, IL 60601
mbolanos@fishlawfirm.com
pcowlin@fishlawfirm.com
mstainthorp@fishlawfirm.com