IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA KULJANIN, on behalf of herself and a class of all those similarly situated, | ) ) ) ) | |
| *Plaintiff,* | ) ) | Case No. 23-cv-02362 |
| v. | ) ) ) | Honorable Franklin U. Valderrama Magistrate Judge Jeffrey T. Gilbert |
| TRANSPORTATION ONE LLC, | ) ) ) | |
| *Defendant.* | ) | |

**<u>ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
AND COLLECTIVE ACTION SETTLEMENT</u>**

Plaintiff Tina Kuljanin, on behalf of herself and others similarly situated ("Class Members") has moved for preliminary approval of a proposed class action and collective action settlement. After review of the Parties' Class and Collective Action Settlement Agreement, together with the exhibits thereto ("Settlement Agreement"), as well as Plaintiffs' Motion for Preliminary Approval and supporting documents, and after due consideration, the Court finds and orders as follows:

1. The Court finds on a preliminary basis that the settlement memorialized in the Settlement Agreement is fair, reasonable, and adequate and resolves a *bona fide* dispute between, on the one hand, the Plaintiff and Class Members, and on the other hand, Defendant. The Settlement is the result of arm's-length negotiations between experienced attorneys who are familiar with class action and collective action litigation in general and with the legal and factual issues of this case.

2. The Court has considered the pleadings and arguments made by the Plaintiffs in support of the motion for preliminary approval and finds that the Class and Collective described

1

therein is proper for settlement purposes. The Court therefore certifies a class and collective for settlement purposes defined as follows:

> All persons who have been employed at Transportation One as Carrier Sales Representatives, Business Development Representatives, and/or Account Managers at any time from April 14, 2020 to the Effective Date of the Settlement, and identified in Exhibit A to the Class Action Settlement Agreement.

3. The Court appoints Patrick Cowlin and M. Nieves Bolaños of Hawks Quindel, S.C. to serve as Class Counsel on behalf of the Class Members for purposes of this settlement. The Court also approves and confirms that Plaintiff Tina Kuljanin shall act as Class and Collective Action Representative.

4. The Court appoints Analytics Consulting LLC as the Settlement Claims Administrator.

5. The Court also finds that the Settlement Agreement provides adequate relief to Class Members, considering the costs, risks, and delay associated with litigation, trial and appeal, as well as the effectiveness of the proposed settlement allocations.

6. The Court finds that it likely will be able to approve the Settlement Agreement under 29 U.S.C. § 216(b) because the Settlement Agreement is the result of arm's-length negotiations between highly experienced and able attorneys who are familiar with FLSA collective action litigation in general and with the legal and factual issues of this case and who have adequately represented the proposed membership of the collective action.

7. The Court approves, as to form and content, the proposed Notice attached to the Settlement Agreement. The Court finds that the procedures for notifying the Class Members and about the Settlement as described in the Settlement Agreement provide the best notice practicable under the circumstances and therefore meet the requirements of due process, and therefore directs distribution of the Notice to Class Members as set forth in the Settlement Agreement.

8.     Any Class Member who wishes to object to the settlement must submit said objections as directed in the Notice and Settlement Agreement. Any Class Member who wishes to be excluded from the settlement must complete and submit a Request for Exclusion to the Claims Administrator no later than the deadline specified in the Request for Exclusion and the Settlement Agreement.

9.     A Final Approval Hearing, for purposes of determining whether the Settlement should be finally approved for purposes of Rule 23, shall be held before this Court on July 28, 2025 at 9:30 a.m., in Courtroom 1941, U.S. District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, IL 60604.  At the hearing, the Court will hear arguments concerning whether the proposed settlement on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be approved by the Court. The Court will also consider Class Counsel's request for an award of attorneys' fees and costs and for a Service Award to be made to the Named Plaintiff.

10.     Any Class Member may appear at the Final Approval Hearing and show cause, if he or she has any, why the proposed settlement should or should not be approved as fair, reasonable, and adequate, or why a judgment should or should not be entered thereon; provided, however, that (i) no Class Member or Opt-In Plaintiff or any other person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement Agreement, or, if approved, the judgment to be entered thereon approving the same, unless that Class Member has complied with the objection process described in the Notice and Settlement Agreement by the deadline specified therein. All timely filed and served objections shall be considered and ruled upon by the Court at the Final Approval Hearing. Any Class Member who does not timely file and

serve his or her objection in the manner provided in the Settlement Agreement shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement Agreement.

11. The Court therefore preliminarily approves the proposed Settlement Agreement and the Parties are ordered to carry out the settlement according to the terms of the Settlement Agreement.

Dated: June 11, 2025

_____
United States District Judge
Franklin U. Valderrama