IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TINA KULJANIN, on behalf of herself and a class of all those similarly situated, <br><br> *Plaintiff,* <br><br> v. <br><br> TRANSPORTATION ONE LLC, <br><br> *Defendant.* | Case No. 23-cv-02362 <br><br> Judge Franklin U. Valderrama <br> Magistrate Judge Jeffrey T. Gilbert |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF SETTLEMENT**

**I.     INTRODUCTION**

Plaintiff, Tina Kuljanin, on behalf of herself and all those similarly-situated, through her counsel, M. Nieves Bolaños and Patrick Cowlin of Hawks Quindel, S.C. ("Class Counsel") bring this motion for final approval of the class action settlement reached by the parties in this action. For the reasons that follow, the settlement should be approved, and the proposed order attached hereto as Exhibit A should be entered.

The Court determined at the preliminary approval stage that the settlement is fair, reasonable, and adequate within the meaning of Fed. R. Civ. P. 23(e), and these criteria continue to be satisfied for purposes of final approval. Doc. 81. As follows, the Notice process outlined in the preliminary approval order has been completed by the Administrator; court-approved Notice was sent to each member of the class apprising them of the terms of the settlement and their options (i.e., to participate, object or exclude themselves), no class member filed an exclusion, and no one objected. The settlement provides adequate relief for all class members, the proposed plan of allocation treats each class member equitably relative to one another, and it is reasonable

when weighed against the risks of continued litigation a including trial and almost certainly appeal(s). The proposed service payment for Plaintiff is well-justified by her essential contributions to the case and in exchange for her general release against the Defendant and the Released Parties and is within the range deemed appropriate in Seventh Circuit jurisprudence in employment cases. The attorneys' fees and costs award requested by Class Counsel is also consistent with Seventh Circuit jurisprudence. For all these reasons, the settlement satisfies the criteria for final approval.

## II. RELEVANT FACTS

In this action, Plaintiff alleged that she and similarly-situated employees were misclassified as exempt under the FLSA and IMWL, that they regularly worked overtime, that their "primary duty" was to make direct sales that is "nonexempt" work, and that they were paid a base salary plus commissions, with no additional pay for overtime. Doc. 1. When moving for preliminary approval, Plaintiff summarized the history of the case, information analyzed, and the in-depth mediation and negotiations guided by Magistrate Judge Gilbert, all of which led to the settlement. Doc. 80 at pp. 3-5. As set forth therein, the litigation history and settlement negotiations in this case have enabled Class Counsel to evaluate the Settlement and risks of further litigation. Class Counsel continues to opine that the Settlement satisfies all the criteria for approval and final certification of the settlement class continues to be appropriate, and their opinion should be accorded great weight, for the reasons set forth at preliminary approval.

## III. THE NOTICE REQUIREMENTS OF RULE 23 HAVE BEEN MET

Rule 23(c)(2)(B) requires the Court to direct to Class Members the "best notice that is practicable" under the circumstances, including "individual notice to all members who can be identified through reasonable effort." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 173 (1974).

Where the names and addresses of class members are easily ascertainable, individual notice through the mail is "clearly the 'best notice practicable.'" *Id.* at 175. In this case, Notice was mailed and also emailed to class members whenever possible. In the Preliminary Approval Order, the Court found the form, content, and proposed distribution of the Class Notice met the requirements of Rule 23. *See* Doc. 81. Since the Preliminary Approval Order, Class Counsel and the Settlement Administrator have fulfilled their obligations under this Order and thus satisfied Rule 23's notice requirements.

Specifically, on June 25, 2025, the Settlement Administrator mailed and emailed a copy of the Class Notice to the members of the settlement class. Exh. B, Declaration of Caroline P. Barazesh, at ¶¶10-11. The Notice included a telephone number, email address and office address for Class Counsel and for Settlement administrator and provided the option to request additional information about the settlement. Exh. B-1 at ¶¶ 4, 9. If a notice packet was returned by USPS as undeliverable, the Settlement Administrator re-mailed the packet provided an alternative address was available. *Id.*, ¶¶ 12-13. Fifteen of the sixteen packets that were returned were remailed. *Id.*, ¶12. 108 Settlement Class Members (99.08%) received notice by mail; 101 Settlement Class Members (92.66%) received notice by email; 109 Settlement Class members (100%) received notice by mail and/or email. *Id.* ¶ 13. <u>100% of the Class Members received notice</u>. *Id.*, ¶ 13.

The deadline to request exclusion or tender an objection to the Settlement was July 25, 2025. *Id.*, ¶¶ 14-15. As of this filing, neither Class Counsel nor the Settlement Administrator has received a request for exclusion or any objections. *Id.* The Settlement Administrator's total costs for services, including anticipated future costs to complete the administration, are $8,855, which Defendant will pay in addition to the $375,000 settlement fund (Defendant agreed to pay up to an additional $10,000 for settlement administration). *Id.*, ¶ 16; Doc. 80-1.

3

**IV.     FINAL APPROVAL IS APPROPRIATE BECAUSE THE SETTLEMENT IS FAIR, REASONABLE AND ADEQUATE**

**A.     The Settlement Agreement is Fair, Reasonable and Adequate for the Reasons Set forth in the Preliminary Approval Order**

Settlement of class action litigation is favored by federal courts. *Isby v. Bayh*, 75 F.3d 1191, 1196 (7th Cir. 1996). Class settlements must be approved by the district court and the court's inquiry is limited to the consideration of whether the proposed settlement is fair, reasonable, and adequate. *Id*. In determining whether a class settlement meets that standard, courts in the Seventh Circuit consider a variety of factors including: (a) the strength of plaintiffs' case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *In re Mexico Money Transfer Litig.*, 164 F. Supp. 2d 1002, 1014 (N.D. Ill. 2000) *citing Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 308 (7th Cir. 1985). On December 1, 2018, Rule 23(e)(2) was amended to set forth a list of criteria a court must address in approving a settlement. Fed. R. Civ. P. R 23(e)(2). The amendments do not displace any factor previously relied upon by federal courts, but rather, their goal is to focus the court on core concerns that should guide its decision whether to approve the proposal. 2018 Advisory Committee Notes, Fed. R. Civ. P. 23(e)(2). *See* Doc. 80, at 13. As set forth at the preliminary approval stage, the Settlement Agreement satisfies each of these criteria. *Id.* No class member has objected to the terms of the settlement and no class member has opted out. As such, the settlement continues to meet these requirements.

B. **The Proposed *Pro Rata* Distribution of the Settlement Fund to Individual Class Members Is Fair, Reasonable and Adequate**

Class Counsel's proposed allocation of the settlement fund is fair, reasonable, and adequate. As set forth at the preliminary approval stage, the settlement will provide each employee settlement class with 100% of the overtime pay they would have received for working about 42.3 hours every week, had they been classified as "non-exempt" during the class period Doc. 80 at 11. Each class member was apprised in the Notice of his or her estimated recovery. Exh. B, ¶4, Exh. B-1. While settlement class members will receive their *pro rata* share of the settlement based on their actual damages, the net settlement fund on average allows for payments of over $2,178.00 to the 109 class members. No class member objected to the proposed plan of allocation, as set forth above. The proposed distribution accounts for class members' varying lengths of employment and their respective regular rates of pay and thus treats class members equitably relative to each other. Settlement class members were not required to submit claim forms to receive these awards.

In the unlikely event a settlement class member fails to cash their settlement check, the parties have agreed to distribute any remaining funds to a *cy pres,* the National Institute for Workers' Rights ("the Institute"). Doc. 80-1, p. 8; https://niwr.org/ (last visited Sept. 30, 2025). The Institute's mission is to advance and protect workers' rights, including issues involving failure to pay minimum wage and overtime. *Id.* Any residual funds will continue to vindicate the rights at issue in this litigation and provide benefits to workers in similar situations. The Institute, therefore, is very closely aligned with the purpose of the underlying statutes in this matter and the Plaintiff and class members' interest in promoting fair payment of overtime wages. *Id.* (The Institute has been an approved cy pres beneficiary in 64 cases since 2008); *Hughes v. Kore of Indiana Enter., Inc.*, 731 F.3d 672, 675 (7th Cir. 2013); *Leung v. XPO Logistics, Inc.* 326 F.R.D.

185, 205 (N.D. Ill. 2018) (holding an appropriate cy pres beneficiary is one whose mission aligns with the goals of the laws being enforced in the underlying case).[1]

For these reasons and those set forth in the Preliminary Approval Motion, the Settlement and allocations to each class member are an excellent result when factored against the risks of continued litigation, including trial and appeals, and Final Approval is warranted.

### C. The Proposed Service Award Is Fair, Reasonable and Adequate

Class Counsel requests a service payment of $12,500 for the Named Plaintiff, Tina Kuljanin for her work to generate this result and in exchange for her signing a general release. The class notice advised class members of the proposed service payment and no class member objected to the settlement on any basis, including the proposed service payments. Exhibit B-1. The proposed enhancement payments are justified by Ms. Kuljanin's essential contributions to the suit (the results in the case would not have been possible without her), the risks she undertook, and by the overwhelming weight of Seventh Circuit jurisprudence, which has emphasized the importance of such payments particularly in employment litigation.

"Incentive awards serve the important purpose of compensating plaintiffs for the time and effort expended in assisting the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiffs." *Furman v. At Home Stores LLC*, No. 1:16-cv-08190, 2017 U.S. Dist. LEXIS 73816, at *5 (N.D. Ill. May 1, 2017) (citations omitted). In deciding whether such an award should be approved, a court may consider the actions the plaintiff has taken to protect the interests of the class, the degree to which the

---

[1] Plaintiff's Counsel Maria de las Nieves Bolaños serves as a volunteer board member for the Institute and is the current President of the National Employment Lawyers' Association (a bar association for plaintiff-side employment lawyers). Neither role is a paid position. Counsel incurs significant, personal out of pocket costs to attend board meetings and otherwise work in service of the mission of the organizations. Counsel does not believe there is any conflict of interest in designating the Institute as a *cy pres*, especially in light of the Institute's work being so closely aligned to the underlying statutes and issues in this case.

class has benefitted from those actions, and the amount of time and effort the plaintiff expended in pursuing the litigation. *Cook v. Niedert,* 142 F.3d 1004, 1016 (7th Cir. 1998); *Am. Int'l Grp., Inc. v. Ace Ina Holdings, Inc.*, No. 07 CV 2898, 2012 U.S. Dist. LEXIS 25265, at *57-58 (N.D. Ill. Feb. 28, 2012).

Incentive awards are of even greater importance in employment cases, where employees incur risks to their professional reputations that are inherent when bringing class action litigation and providing testimony against an employer in a public court filing, on top of the other risks that come with filing a lawsuit, such as the potential for shifting costs or possibly even attorneys' fees if the suit were deemed frivolous. *Briggs v. PNC Fin. Servs. Grp.,* No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *8-9 (N.D. Ill. Nov. 29, 2016); *Beesley v. Int'l Paper Co.*, No. 3:06-cv-703-DRH-CJP, 2014 U.S. Dist. LEXIS 12037, at *13-14 (S.D. Ill. Jan. 31, 2014) ("ERISA litigation against an employee's current or former employer carries unique risks and fortitude, including alienation from employers or peers."); *Sanchez v. Roka Akor Chi. LLC*, No. 14-cv-4645, 2017 U.S. Dist. LEXIS 65478, at *10-11 (N.D. Ill. Apr. 20, 2017) ("Although Plaintiff was no longer employed by Defendant when he filed the Complaint, he risked retaliation from future employers for the benefit of all Settlement Class Members."); *Velez v. Majik Cleaning Serv.,* 2007 U.S. Dist. LEXIS 46223, at *23 (S.D.N.Y. June 22, 2007) ("[I]n employment litigation, the plaintiff is often a former or current employee of the defendant, and thus, by lending his name to the litigation, he has, for the benefit of the class as a whole, undertaken the risk of adverse actions by the employer or co-workers.") (quoted source omitted); *Scovil v. FedEx Ground Package Sys.*, No. 1:10-CV-515-DBH, 2014 U.S. Dist. LEXIS 33361, at *22-26 (D. Me. Mar. 14, 2014) (Noting a 2006 empirical study recognized incentive awards in employment discrimination cases were higher than in other class action suits), *citing,* Theodore

Eisenberg & Geoffrey P. Miller, Incentive Awards to Class Action Plaintiffs: An Empirical Study, 53 UCLA L.Rev. 1303, 1308 (2006).

These factors are fully applicable here. Ms. Kuljanin initiated this action in her name, provided discovery including sworn interrogatory answers, attended the mediation, has signed a general release, and worked with Class Counsel at each step in the litigation to ensure this excellent settlement was reached for the Class as a whole. Doc. 80-5 ¶¶24-28. By lending her name to this action and suing a company in niche third-party logistics field, Ms. Kuljanin assumed inherent risks to her career.

In light of these contributions and the aforementioned risks, the proposed service payment for Ms. Kuljanin is well supported by Seventh Circuit jurisprudence. Indeed, courts in the Seventh Circuit have repeatedly upheld awards of the same or similar amounts based on the same or similar contributions. *Brown et al. v. Cook County et al.*, No. 1:17-cv-08085, Doc. 282 (Granting final approval of $14,000,000 class action settlement in action alleging Hostile Work Environment, and approving incentive awards of $25,000 for each of the six class representatives, $15,000 for the three Named Plaintiffs who gave depositions; $10,000 for the eight Named Plaintiffs who answered interrogatories; and $5,000 for each of the three class members who provided Declarations and/or information to Class Counsel); *Chesemore v. Alliance Holdings, Inc.,* No. 09-cv-413-wmc, 2014 U.S. Dist. LEXIS 123873, at *17 (W.D. Wis. Sep. 4, 2014) (Noting, "[D]istrict courts in this circuit have awarded incentive fee awards ranging from $5,000 to $25,000."); *Briggs v. PNC Fin. Servs. Grp.,* No. 1:15-cv-10447, 2016 U.S. Dist. LEXIS 165560, at *9 (N.D. Ill. Nov. 29, 2016) (citing empirical study finding that the mean incentive award in employment class actions is approximately $12,000); *Will v. Gen. Dynamics Corp.*, No. 06-698-GPM, 2010 U.S. Dist. LEXIS 123349, at *12 (S.D. Ill. Nov. 22,

8

2010) ("Awards of $25,000 for each Plaintiff are well within the ranges that are typically awarded in comparable cases.") (Citations omitted). Final approval of the service award should be granted.

### D. The Proposed Attorneys' Fee Is Reasonable

Class Counsel filed Plaintiffs' Motion for Attorneys' Fees and Costs during the notice period, which sought fees and costs in the amount of $125,000. Doc. 84. As set forth therein, this request is well-justified by the facts and circumstances of this case, and by Seventh Circuit law. *Id.* Plaintiffs incorporate the arguments and authorities therein by reference. The settlement notice explained that Class Counsel would file a motion for attorneys' fees in this amount. Exh. B-1. No class member objected to the request. Class Counsel represented the interests of the class members for the last two and a half years, this has been a vigorously contested matter, and their work produced an excellent result in the instant settlement, without the significant risks and time associated with trial, appeals and additional litigation. The requested fee is in line with awards in similar cases and Seventh Circuit jurisprudence and it should be approved for the reasons set forth in the Motion for Attorneys' Fees. Doc. 84.

### V. CONCLUSION

**WHEREFORE,** for the reasons set forth above, the Court should grant the Motion for Final Approval of the Proposed Settlement, and enter the Order attached hereto as Exhibit A.

        Respectfully submitted,

        /s/ Patrick Cowlin
        One of Plaintiff's Attorneys

Robin Potter
M. Nieves Bolaños
Patrick Cowlin
HAWKS QUINDEL, S.C.
111 East Wacker Drive - Suite 2300
Chicago, Illinois 60601
(312) 205-1702
pcowlin@hq-law.com
mnbolanos@hq-law.com

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing **Plaintiff's Motion for Final Approval of Class Action Settlement** was served upon all parties by e-filing on September 30, 2025 with the Clerk of the Court using the CM/ECF system.

By: /s/ Patrick Cowlin
Patrick Cowlin