IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TINA KULJANIN, ) | | |
| on behalf of herself and a class ) | | |
| of all those similarly situated, ) | | |
| ) | Case No. 23-cv-02362 | |
| *Plaintiff,* ) | | |
| ) | Honorable Franklin U. Valderrama | |
| v. ) | Magistrate Judge Jeffrey T. Gilbert | |
| ) | | |
| TRANSPORTATION ONE LLC, ) | | |
| ) | | |
| *Defendant.* ) | | |

**ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

Plaintiff Tina Kuljanin and Class Counsel, have requested that the Court enter an order approving the settlement of this litigation as stated in the Collective and Class Action Settlement Agreement and Exhibits thereto ("Settlement" or "Settlement Agreement") (Doc. 80-1), setting forth the terms and conditions for a proposed settlement and dismissal of the Litigation. The parties appeared for a final approval hearing before the court on October 14, 2025, and the Court has reviewed Plaintiffs' Motion for Final Approval of the Parties' Class Action Settlement and other related materials submitted by the parties, and has considered the parties' presentations at the Final Approval hearing, and is otherwise fully informed in the premises:

IT IS HEREBY ORDERED AND ADJUDGED as follows:

1. The Court has jurisdiction over the subject matter of this Action and the settlement pursuant to 28 U.S.C. §§1331 and 1367.

2. In its Preliminary Approval Order, the Court found that the class was properly certified for settlement purposes. Doc. 81 ¶ 2-3. The Court finds that the Settlement Class continues to satisfy the requirements of Fed. R. Civ. P. 23(a)(1)-(4) and (b)(3) for the reasons set

forth in the Preliminary Approval Order. Accordingly, the Court finally certifies this Class for purposes of settlement of this action.

3. The Notice of Class Action Settlement ("Class Notice") sent to the members of the Settlement Class ("Class Members") by the Settlement Administrator by First Class U.S. Mail and e-mail adequately informed Class Members of the terms of the Settlement Agreement, their estimated recovery, their right to request an exclusion from the settlement, and their opportunity to file written objections and appear and be heard at the final approval hearing. The Class Notice also adequately informed the Class Members of how to request additional information. The Court finds that the Notice satisfies the requirements of Rule 23(c)(2)(B) and Rule 23(e)(1).

4. The Court finds that no Class Member requested exclusion from the Settlement Class and no Class Member objected to the Settlement Agreement.

5. Analytics Consulting LLC has administered the settlement, with the assistance of Class Counsel and Defendant. The Court approves the plan of allocation of the Settlement Fund proposed by Class Counsel and the Claims Administrator. The Court finds that the proposed *pro rata* allocation of the common fund based on Class Member's individual damages, calculated based on Class Members' actual compensation and the number of weeks class members worked for the Defendant during the relevant time period, is based on the claims and evidence in this suit and treats class members equitably relative to one another.

6. The Court approves the Settlement Agreement and finds that the Settlement is fair, reasonable and adequate to all Class Members. The Court finds that the strength of Plaintiffs' case on the merits, weighed against Defendant's defenses and the complexity, length, and expense of further litigation, support approval of the Settlement. The Settlement Amount of $375,000.00 (plus up to $10,000 in administration costs to be paid by Defendant) as set forth in the Settlement

Agreement, is a fair, reasonable, and adequate settlement of the claims. The Settlement was reached pursuant to arm's-length negotiations between the Parties and has the support of Class Counsel and Counsel for Defendant. Class Counsel have significant experience representing parties in complex class actions, including those involving wage and hour claims. No objections to the Settlement were made by the Class Members, and this fact likewise supports approval. Finally, the litigation has progressed to a stage where the Parties could evaluate the merits of the case, potential damages, and the probable course of future litigation, and thus warrants approval of the Settlement.

7. The Court approves a service payment of $12,500 for the Plaintiff Tina Kuljanin. The Court finds that Ms. Kuljanin made important contributions to the litigation and her efforts helped produce the settlement for the Class as a whole.

8. Class Counsel are awarded attorneys' fees and costs in an amount equal to one-third of the Settlement Fund less the service payment above, or $120,833.33. All costs and expenses of the litigation, from its inception through the date of entry of this Order shall be paid from this amount except for the settlement administration costs as set forth in the Settlement Agreement.

9. Analytics LLC shall transfer any funds that remain uncashed or deposited by Class Members after the check cashing deadline to *cy pres* beneficiary, the National Employment Law Project ("NELP") (www.nelp.org), which the Court finds is a suitable organization whose mission is closely related to the issues in the underlying case.

10. The terms of the "Collective and Class Action Settlement Agreement" (Doc. 80-1) executed between the parties are embodied in this order and judgment and are herein incorporated by reference, as modified by this Order.

11.     The Court therefore dismisses this matter with prejudice and hereby directs the Parties to comply with the Settlement Agreement (Doc. 80-1), which is embodied and expressly incorporated in full in this Order as modified in this Order.

12.     The Court advises the parties that, generally speaking, Seventh Circuit decisions hold that dismissals "with prejudice" leave the Court without jurisdiction to enforce a settlement agreement. *See Shapo v. Engle*, 463 F.3d 641, 646 (7th Cir. 2006). Civil case terminated.

DATED: October 17, 2025

_____
THE HONORABLE FRANKLIN U. VALDERRAMA
United States District Judge